UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM J. CLARK,<br><br>　　　　　Defendant. | No. 1:18-CR-00215-NONE<br><br>ORDER DENYING WITHOUT PREJUDICE REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. Nos. 30, 37) |

On August 3, 2011, defendant pled guilty to one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), one count of uttering a fictitious obligation, in violation of 18 U.S.C. § 514(a)(2), and one count of impersonating a federal officer or employee, in violation of 18 U.S.C. § 912. In his plea agreement, defendant admitted to the following conduct:

- In August 2010 defendant, who had two prior felony convictions out of the District of Oklahoma,[1] possessed two firearms within the District of Alaska.
- In March 2010, defendant issued and passed to unsuspecting victims fictitious checks in at least 224 transactions, obtaining approximately $66,893; and

---

[1] Defendant's prior convictions, both occurring in 2003, were for felon in possession of a firearm and impersonating a federal employee.

1

- Between July 23, and August 3, 2010, defendant pretended to be a United States Army caption, traveling under the authority of the military, and passed approximately five fictitious checks while under that character.

(Doc. No. 130, *United States v. William James Clark*, No. 4:10-cr-00022-RRB-SAO (D. Alaska, Aug. 3, 2011), at 6–8.) On December 9, 2011, the Honorable Ralph R. Beistline of the District of Alaska sentenced defendant to 106 months in prison to be followed by five years of supervised release. (Doc. No. 3 at 27–28.) Defendant was also ordered to pay $67,296.92 in restitution. (*Id*. at 30.) The following special conditions of supervision were also imposed: warrantless search, mental health treatment, financial disclosure, restrictions on internet access, computer inspection, employment restrictions, and third party employer notification. (*Id*. at 29.) Defendant commenced supervised release on August 31, 2018, in the Eastern District of California. (*See* Doc. No. 2.) On September 26, 2018, transfer of jurisdiction was accepted by the Eastern District of California. (*Id*.)

On March 8, 2021, defendant filed a pro se motion to "dismiss" his supervised release early, which the court interprets as a request for early termination of supervision. (Doc. No. 4.) Defendant points out therein that he has bene making monthly payments of $25 toward his restitution despite his limited social security income ($925 per month); that he has maintained his residence with is mother, helping with her bills and medical issues; and that he has been compliant since his release, attending doctor's appointments and taking his medication as directed. (*Id*. at 1–2.) He further expresses increasing awareness of the possible mental health issues that drove at least some of the wrongful conduct that led to his convictions. (*Id*. at 2.)

The court has also received the government's opposition to defendant's request (Doc. No. 8), as well as the input of defendant's supervising probation officer. In particular, the supervising probation officer has noted that, although defendant thus far has complied with the terms of his supervision, defendant is presently unemployed and continues to exhibit some behaviors (e.g., wearing clothing bearing military insignia, base names, and ship names) that raise concerns about reversion to his prior conduct. In addition, defendant has two outstanding warrants (issued prior to defendant's arrest in the instant offense but concerning related conduct and discovered in a

records check); a standing mental health condition; computer restrictions; and significant outstanding restitution.  All of these factors counsel against early termination of the term of supervised release imposed in this case.  Moreover, defendant has not articulated clear reasons why continued supervision is an impediment to his re-integration into society.  Accordingly, defendant's request for early termination of his term of supervised release is denied without prejudice.

IT IS SO ORDERED.

Dated: **May 3, 2021**

UNITED STATES DISTRICT JUDGE